POTTER HANDY LLP

Mark Potter Esq., SBN 166317
mark@potterhandy.com
James M. Treglio, SBN 228077
jimt@potterhandy.com
Isabel Rose Masanque SBN 292676
isabelm@potterhandy.com
Naomi Butler SBN 332664
naomib@potterhandy.com
100 Pine Street, Ste. 1250
San Francisco, CA 94111
Phone: (858) 375-7385; Fax: (888) 422-5191

*Attorneys for Plaintiff*
CHRIS MCPHEE, on behalf of himself and
all others similarly situated

SHOOK, HARDY & BACON LLP

Rachel A. Straus, SBN 268836
rstraus@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (424) 324-3411

J. Simone Jones (*pro hac vice*)
sjones@shb.com
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700

*Attorneys for Defendant*
BIG BRAND TIRE & SERVICE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRIS MCPHEE**, on behalf of himself and all others similarly situated. <br><br> Plaintiff(s), <br><br> vs. <br><br> **BIG BRAND TIRE & SERVICE**, a Utah Corporation; and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. 3:26-cv-02232-RS <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Complaint Filed: January 30, 2026 <br> *Assigned to the Hon. Richard Seeborg* |

Plaintiff CHRIS MCPHEE ("Plaintiff") and Defendant BIG BRAND TIRE & SERVICE ("Defendant" or "Big Brand") (together, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement:

1

4897-8863-0961 v2

### a)  <u>Nature of the Case</u>

*Plaintiff*: Plaintiff brings this action against Defendant for the unauthorized deployment of third-party tracking technologies—including software from Meta, Google, and Microsoft—on its commercial website between April and October 2025. Plaintiff alleges that these trackers intercepted his personal identifying information and behavioral data without consent, serving as unlawful wiretaps and prohibited "pen registers" used to facilitate intrusive targeted advertising. Plaintiff contends that this conduct constitutes unlawful wiretapping under the Electronic Communications Privacy Act (ECPA) and the California Invasion of Privacy Act (CIPA) § 631, as well as the illegal use of a "pen register" in violation of CIPA § 638.51. Plaintiff seeks statutory damages and injunctive relief to prevent further privacy violations of California residents.

Plaintiff further alleges that Defendant intentionally embedded, enabled, and/or caused the deployment of these tracking technologies such that Plaintiff's communications, clicks, searches, form inputs, device identifiers, and other electronic interactions were intercepted contemporaneously with transmission and disclosed to third parties for behavioral analytics, advertising, profiling, retargeting, and related commercial purposes without Plaintiff's consent.

*Defendant*: This putative class action is one of more than eighty similar cases that opposing counsel has filed this year. Based on little more than conclusory allegations and the rote recitation of the elements of various causes of action, Plaintiff asks the Court to award him relief under California and federal wiretapping statutes, the California Constitution, the California Computer Data Access and Fraud Act (CDAFA), and California's Unfair Competition Law (UCL). The basis for the expansive relief that Plaintiff seeks is Big Brand's alleged sharing of his IP address with third parties and that he had searched its website for tire or wheel options.

In addition to the Complaint's conclusory allegations, the Complaint fails to state a

4897-8863-0961 v2

claim upon which relief can be granted for, among others, the following reasons:

**CIPA Claim**. Plaintiff does not plausibly allege interception of the "contents" of a communication "in transit" as he must to assert a CIPA 631(a) claim. In addition, he fails to allege an unlawful pen register under CIPA section 638.51 because the statute's plain text and legislative history show that the statute does not apply to Big Brand's alleged use of internet-based technology. Further, Plaintiff necessarily consented to the collection of his IP address and basic device metadata forming the basis of his purported pen register claim allegations.

**ECPA Claim**. Plaintiff alleges only that Big Brand intercepted communications to which it was a party, placing it outside of the reach of the federal statute.

**Invasion of Privacy Constitutional Claim.** Plaintiff's invasion of privacy claim fails because Plaintiff does not specify what data is at issue. In addition, the alleged disclosure of Plaintiff's routine public browsing activity on a tire and wheel website is not highly offensive.

**CDAFA and UCL Claims.** Plaintiff does not plausibly allege the required damage or loss. Instead, he offers nothing more than conclusory, self-serving allegations regarding his entitlement to relief.

### b) <u>Jurisdiction and Service</u>

Plaintiff originally commenced this action, styled as *McPhee v. Big Brand Tire & Service* (Case No. 26CV168019), in the Superior Court of California, Alameda County on January 30, 2026. On March 13, 2026, the matter was timely removed to the United States District Court, Northern District of California.

This Court maintains original subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331, as the Complaint asserts claims arising under the laws of the United States, specifically the ECPA. Furthermore, the Court exercises supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367, as those claims derive from a common

nucleus of operative fact and form part of the same case or controversy as the federal claims. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). Since the State Court where the complaint was originally filed is situated within this district, the Northern District of California is the appropriate forum for this litigation.

Defendant was served with the Class Complaint on February 11, 2026. Big Brand reserves objections to subject-matter jurisdiction.

c) **Legal Issues**

*Plaintiff*: The principal issues to resolve in this action include, but are not limited to the following:

1. Whether the Defendant unlawfully read and/or intercepted communications by Plaintiff and members of the Class through use of the Trackers;

2. Whether the Defendant unlawfully collected routing, addressing, and signaling information from Plaintiff and members of the Class using the Trackers;

3. Whether Defendant violated CIPA section 631(a);

4. Whether Defendant violated CIPA section 638.51(a);

5. Whether Defendant violated the Wiretap Act, 28 U.S.C. section 2510 et seq.;

6. Whether the Trackers are "pen registers" pursuant to Cal. Penal Code section 638.50(b);

7. Whether Defendant sought or obtained prior consent-express or otherwise-from Plaintiff and the Class;

8. Whether Defendant sought or obtained a court order for its use of the Trackers; and

9. Whether Plaintiff and members of the Class are entitled to actual and/or statutory damages for the violations.

10. Whether the third-party entities receiving Plaintiff's communications were independent third parties under CIPA and the Wiretap Act;

11. Whether Defendant provided legally sufficient notice or obtained valid consent through any privacy policy, cookie banner, or website disclosure;

4897-8863-0961 v2

12. Whether Plaintiff and the proposed Class suffered injury sufficient to confer standing;

13. Whether Defendant knowingly, intentionally, or willfully implemented and/or permitted the operation of the Trackers; and

14. Whether this action satisfies the requirements for class certification under Rule 23.

*Defendant*: The legal issues to be resolved at trial will be further refined through motion practice and discovery, provided the Court does not grant Big Brand's forthcoming motion to dismiss in its entirety. At this time, potential issues include, but are not limited to:

1. Whether and to what extent Big Brand shares website visitors' IP addresses, basic device information, and tire and wheel browsing history with third parties such as Meta, Google, and Microsoft.

2. Whether and to what extent Plaintiff was damaged by any sharing of his information with third parties.

3. Whether Big Brand violated CIPA, ECPA, the California Constitution, CDAFA, and/or the UCL.

4. Whether class certification under Federal Rule of Civil Procedure 23 is appropriate.

**d)    Amendments of Pleadings**

The Parties do not currently plan to amend the pleadings.

**e)    Anticipated Motions and Scheduling of Motions**

*Plaintiff*:    At this time, Plaintiff does not anticipate filing any motions. Plaintiff reserves the right to seek appropriate relief as permitted should discovery or other developments warrant such motions.

*Defendant*: For at least the reasons discussed *supra* at 2-3, Big Brand intends to move to dismiss the Complaint in its entirety on Thursday, June 18.

4897-8863-0961 v2

**f)** **Anticipated Discovery and the Scheduling of Discovery**

**1. Disclosures:**

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by July 2, 2026.

**2. Discovery Subjects:**

*Plaintiff*: Plaintiff intends to seek discovery related to Defendant's use, implementation, configuration, operation, management, and monitoring of tracking technologies, pixels, SDKs, cookies, APIs, session replay tools, analytics tools, advertising technologies, and related third-party integrations on Defendant's website, including but not limited to Meta, Google, Microsoft, and any other third-party marketing or analytics vendors. Plaintiff also intends to seek discovery concerning Defendant's privacy policies, consent mechanisms, contracts with third-party vendors, data retention practices, monetization of consumer data, internal communications concerning tracking technologies, and the scope of data collected from consumers. Plaintiff intends to propound Interrogatories, Requests for Admission, and Requests for Production, and to conduct depositions of Defendant and relevant third-party witnesses.

*Defendant:* Big Brand intends to seek discovery on at least the following topics: Plaintiff's (1) use of and engagement with Big Brand's website (www.americantiredepot.com), (2) browser and/or mobile device settings, (3) express or implied consent to the collection of his IP address and basic device metadata, and (4) damages.

\*    \*    \*    \*    \*

The parties do not propose to conduct discovery in phases. The parties agree to electronic service in this matter. Documents sent to the appropriate e-mail addresses for the respective parties below shall be deemed served the day it is received by e-mail if received before 11:59 PM PST, or the following weekday if served after. The parties agree that service under this agreement shall be entitled to the benefits of FRCP 6(d). Either party may

6

4897-8863-0961 v2

modify their service list by providing notice to the below listed service addresses with the new e-mail addresses to be served.

Plaintiff: Serve@potterhandy.com and ClassActions@potterhandy.com

Defendant:rstraus@shb.com, sjones@shb.com

**3.    Changes in Limitations on Discovery**

The Parties do not propose any changes to the limitations on discovery, which are set forth in the Federal Rules of Civil Procedure and Local Rules of the Northern District of California.

**4.    Expert Witnesses and Information**

The Parties anticipate the possible use of expert testimony concerning website architecture, internet communications, tracking technologies, digital advertising ecosystems, data analytics, consumer privacy, damages, and class certification issues. They will disclose expert witnesses and reports in accordance with the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

**g)    <u>Scheduling</u>**

The Parties propose the following schedule of law and motion matters:

| Matter | Proposed Date |
|---|---|
| Initial Disclosures | 21 days after the case management conference |
| Fact Discovery Cutoff | 6 months from the date of the scheduling order |
| Expert Disclosure for Class Certification Experts | 60 days after substantial completion of fact discovery |
| Rebuttal Experts | 60 days thereafter |
| Expert Discovery Cutoff | 120 days after initial expert disclosure |
|  | 60 days after substantial completion of fact |

7

4897-8863-0961 v2

| Matter | Proposed Date |
|---|---|
| Class Certification Motion | discovery |

**h)  Trial**

*Plaintiff*: Plaintiff has demanded a jury trial. The length of trial will depend on whether a class is certified, and the scope of any such class. If a class is not certified, the Parties anticipate that trial in this matter will last approximately three (3) court days. If a class is certified, the Parties anticipate trial will last considerably longer depending on the scope of the class and/or subclasses.

*Defendant*: Big Brand Tire agrees that a jury trial on any claims triable by a jury is appropriate. It expects trial to last approximately 5-10 court days.

**i)  Relief**

*Plaintiff:* Plaintiff seeks a formal judgment certifying the lawsuit as a class action and a declaration that the defendant violated the Federal Wiretap Act and the California Invasion of Privacy Act (CIPA). Plaintiff demands statutory damages of $10,000 per Federal Wiretap Act violation and $5,000 per CIPA violation, in addition to restitution, interest, and the recovery of all legal fees. Beyond financial compensation, the plaintiff requests an immediate cease-and-desist of all unauthorized data interception and sales, a court-ordered audit and removal of any software or systems enabling third-party data mining, and the mandatory destruction of all non-essential user data.

*Defendant:*  For at least the reasons discussed *supra* at 2-3, Big Brand Tire denies that Plaintiff—individually or on behalf of a putative class—is entitled to the relief sought in the Complaint. Big Brand further denies that certification of any class is appropriate, and it therefore will oppose any motion for class certification.

8

**j)    Related Cases**

The Parties are not aware of any related cases at this time.

**k)    Settlement**

*Plaintiff*: Plaintiff believes the parties would benefit from participating in private mediation following the exchange of meaningful written discovery and substantial completion of class-related discovery, including discovery relevant to Defendant's tracking technologies, consent mechanisms, and data-sharing practices.

*Defendant:* Big Brand Tire is likewise amenable to exploring settlement at the appropriate time.

**l)    Professional Conduct**

All parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

**m)    Other Matters**

*Plaintiff:* Plaintiff anticipates seeking entry of a protective order governing confidential business information and proprietary technical materials produced in discovery.

*Defendant:* Big Brand is not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

4897-8863-0961 v2

POTTER HANDY, LLP

Dated: June 3, 2026                    By: _____

Mark Potter
James M. Treglio
Isabel Rose Masanque
Naomi Butler

*Attorneys for Plaintiff*
Chris McPhee

SHOOK, HARDY & BACON, LLP

Dated: June 4, 2026                    By: _____

Rachel A. Straus
J. Simone Jones (*pro hac vice*)

*Attorneys for Defendant*
Big Brand Tire & Service

Case No. 3:26-cv-02232
Joint Case Management Statement

4897-8863-0961 v2