Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON, L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (424) 324-3411
Facsimile: (424) 204-9093

J. Simone Jones (admitted *pro hac vice*)
sjones@shb.com
SHOOK, HARDY & BACON, L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

Attorneys for Defendant
BIG BRAND TIRE & SERVICE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS MCPHEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIG BRAND TIRE & SERVICE, a Utah Corporation; MS AMERICAN TIRE DEPOT, a California Corporation; and AP AMERICAN TIRE DEPOT, a California Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | No. 3:26-cv-2232-RS<br><br>**DEFENDANT BIG BRAND TIRE & SERVICE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of J. Simone Jones; Request for Judicial Notice; [Proposed] Order*]<br><br>Hearing Date: July 16, 2026<br>Hearing Time: 1:30 p.m.<br>Judge: Honorable Richard Seeborg<br>Courtroom: Courtroom 12, 19th Floor<br><br>Complaint Removed to Federal Court on March 13, 2026 |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... iii

NOTICE OF MOTION AND MOTION ...................................................................................... 1

STATEMENT OF THE ISSUES TO BE DECIDED.................................................................... 2

INTRODUCTION ...................................................................................................................... 3

BACKGROUND ....................................................................................................................... 4

LEGAL STANDARD................................................................................................................. 4

ARGUMENT............................................................................................................................. 5

I.     Plaintiff Fails to State a Claim Against Big Brand. ...................................... 5

       A.     Plaintiff's CIPA and ECPA Claims Should Be Dismissed............................ 5

              1.     Plaintiff does not plead a plausible section 631(a) interception of the "contents" of a communication "in transit" claim. .................... 5

              2.     Plaintiff's Conclusory Aiding-and-Abetting Allegations Fail as a Matter of Law.................................................................................. 7

              3.     Plaintiff's Section 638.51 Theory Fails Because the Alleged Technology Is Not a Pen Register and Plaintiff Consented in Any Event. ......................................................................................... 7

                     a.     Collecting IP addresses and basic device metadata does not constitute a pen register. ..................................... 7

                     b.     Plaintiff consented to the recording of his IP address and basic device metadata. ............................................. 9

              4.     Because Big Brand Was a Party to the Communications at Issue, Plaintiff's CIPA and ECPA Claims Must Fail.................................. 10

       B.     Plaintiff's CDAFA Claim Fails Because the Statute Targets Computer Tampering and Unauthorized Access—not Ordinary Interaction with a Public Website. ................................................................................................ 11

              1.     Plaintiff Does Not Allege Compensable Damage or Loss................. 11

              2.     Plaintiff Does Not Allege Knowing Action Without Permission. ....................................................................................... 12

       C.     Plaintiff's Generic Identifying Information Does Not Provide a Sufficient Basis to Establish an Expectation of Privacy and so his Invasion of Privacy Claims Fails. ................................................................... 13

**Page**

D.     Plaintiff's UCL Claim Fails Because He Does Not Allege Economic Injury, a Viable Predicate Unlawful Practice, or a Sufficiently Pleaded Fraud Theory.................................................................................... 14

       1.     Plaintiff Fails to Allege the Economic Injury Required for UCL Standing. ......................................................................................... 15

       2.     Plaintiff's Unlawful-Prong Theory Fails Because His Predicate Statutory Claims Fail. ........................................................................ 15

CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aleksick v. 7-Eleven, Inc.*,
205 Cal.App.4th 1176 (2012) .................................................................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................4, 7

*Aviles v. Liveramp, Inc.*,
2025 WL 487196 (Cal. Super. Ct. Jan. 28, 2025).....................................................................9

*Balabbo v. Wildflower Brands, LLC*,
2026 WL 1122773 (Cal. Super. Ct. Apr. 6, 2026).....................................................................8

*Begay v. Kerr-McGee Corp.*,
682 F.2d 1311 (9th Cir. 1982) ...............................................................................................9

*Borrello v. Respironics Cal., LLC*,
2024 WL 1496215 (S.D. Cal. Apr. 5, 2024)...........................................................................13

*Capitol Recs. Inc. v. Thomas-Rasset*,
2009 WL 1664468 (D. Minn. June 11, 2009)........................................................................7, 8

*Casillas v. Transitions Optical, Inc.*,
2024 WL 4873370 (Cal. Super. Ct. Sept. 9, 2024)....................................................................9

*Cottle v. Plaid Inc.*,
536 F.Supp.3d 461 (N.D. Cal. 2021) .......................................................................11, 12, 15

*Dellasala v. Samba TV, Inc.*,
2026 WL 1138358 (N.D. Cal. Apr. 21, 2026) ........................................................................12

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ..............................................................................11, 12

*Doe v. County of Santa Clara*,
2024 WL 3346257 (N.D. Cal. July 8, 2024)...........................................................................12

*Doe v. Eating Recovery Center LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ...............................................................................5, 9

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .................................................................................14

*Doe v. Tenet Healthcare Corp.*,
789 F.Supp.3d 814 ..........................................................................................................11, 12

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) ...............................................................................................13

**Page**

*Folgelstrom v. Lamps Plus, Inc.*,
   195 Cal.App.4th 986, 125 Cal.Rptr.3d 260 (2011).........................................................................14

*In re Google, Inc. Privacy Pol'y Litig.*,
   58 F.Supp.3d 968 (N.D. Cal. 2014) ...............................................................................................13

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) .............................................................................................5

*Hammerling v. Google LLC*,
   2022 WL 17365255 (N.D. Cal. Dec. 1, 2022)............................................................................6, 13

*Heeger*, 509 F.Supp.3d 1182 (N.D. Cal. 2020) .......................................................................10, 13

*Heiting v. Taro Pharms. USA, Inc.*,
   709 F. Supp. 3d 1007 (C.D. Cal. 2023) .....................................................................................11, 12

*In re Innovatio IP Ventures, LLC Patent Litig.*,
   886 F. Supp. 2d 888 (N.D. Ill. 2012) ...............................................................................................8

*In re iPhone Application Litig.*,
   844 F.Supp.2d 1040 (N.D. Cal. 2012) ...........................................................................................13

*Khamooshi v. Politico LLC*,
   786 F. Supp. 3d 1174 (N.D. Cal. 2025) .........................................................................................10

*Konop v. Hawaiian Airlines, Inc.*,
   302 F.3d 868 (9th Cir. 2002) ............................................................................................................5

*Licea v. Am. Eagle Outfitters, Inc.*,
   659 F. Supp. 3d 1072 (C.D. Cal. 2023) ............................................................................................6

*Licea v. Hickory Farms LLC*,
   2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) ........................................................................9

*Low v. LinkedIn Corp.*,
   900 F.Supp.3d 1010 (N.D. Cal. 2012) ...........................................................................................13

*Malibu Media, LLC v. Pontello*,
   2013 WL 12180709 (E.D. Mich. Nov. 19, 2013) ...........................................................................10

*Meggette v. Cal. Dept. of Social Servs.*,
   2025 WL 2684402 (N.D. Cal. July 23, 2025)................................................................................13

*Meyer v. County of San Diego*,
   2025 WL 449747 (S.D. Cal. Feb. 10, 2025) ..................................................................................14

*Moore v. Rodriguez*,
   2021 WL 2222590 (S.D. Cal. June 2, 2021)..................................................................................14

*Pena v. GameStop, Inc.*,
   670 F. Supp. 3d 1112 (S.D. Cal. 2023)......................................................................................8, 10

*People v. Johnson*,
   150 Cal. App. 4th 1467 (2007) .........................................................................................................9

**Page**

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......................................................................................13, 14

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) .....................................................................................15

*Rodriguez v. Brushfire Records*,
2025 WL 3692144 (C.D. Cal. Dec. 15, 2025) .........................................................................14

*Rodriguez v. Ink Am. Int'l Grp. LLC*,
2025 WL 4034985 (Cal. Super. Ct. Dec. 10, 2025)...................................................................9

*Rodriguez v. Plivo Inc.*,
2024 WL 5184413 (Cal. Super. Ct. Oct. 2, 2024) .....................................................................7

*Roe v. Amgen*,
2024 WL 2873482 (C.D. Cal. June 5, 2024) ...........................................................................12

*Ruiz v. Gap, Inc.*,
540 F.Supp.2d 1121 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) .....................14

*Sanchez v. Cars.com Inc.*,
2025 WL 487194 (Cal. Super. Ct. Jan. 27, 2025)......................................................................9

*Seismic Reservoir 2020, Inc. v. Paulsson*,
785 F.3d 330 (9th Cir. 2015) ....................................................................................................4

*Shah v. Capital One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) ...................................................................................11

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. Jul. 28, 2021).............................................................................9

*Sisti v. Bosley Inc.*,
2026 WL 1223927 (C.D. Cal. Apr. 27, 2026) .................................................................5, 10, 13

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) ...........................................................................12

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......................................................................................7

*Torres v. Nutrisystem, Inc.*,
289 F.R.D. 587 (C.D. Cal.2013)................................................................................................9

*Torres v. Prudential Fin., Inc.*,
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) ...........................................................................6

*Tsering v. Meta Platforms, Inc.*,
2026 WL 89320 (N.D. Cal. Jan. 12, 2026)..............................................................................12

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ..................................................................................................10

v

**Page**

*In re USA Today, Inc.*
  2026 WL 932655 (N.D. Cal. Apr. 6, 2026) ..............................................................................10

*In re Zynga Priv. Litig.*,
  750 F.3d 1098 (9th Cir. 2014) ................................................................................................5

**Statutes**

Cal. Penal Code § 502...................................................................................................................11

Cal. Penal Code § 631.....................................................................................................................5

Cal. Penal Code § 638.52.................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

vi

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2026 at 1:30 p.m. or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Richard Seeborg (Courtroom 12, 19th Floor) of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Big Brand Tire & Service will, and hereby does, move to dismiss Plaintiff Chris McPhee's Class Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of J. Simone Jones, and all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

Dated: June 18, 2026

SHOOK, HARDY & BACON, L.L.P.

By:    /s/    *J. Simone Jones*
J. Simone Jones
Rachel A. Straus

Attorneys for Defendant
BIG BRAND TIRE & SERVICE

1

**<u>STATEMENT OF THE ISSUES TO BE DECIDED</u>**

- Whether Plaintiff's CIPA and ECPA claims fail because he alleges only routine browsing on Big Brand's public retail website—not contents intercepted in transit, non-conclusory facts supporting aiding and abetting, a qualifying pen register, or liability by a non-party to the communication.

- Whether Plaintiff's CDAFA claim fails because ordinary website functionality is not computer hacking or tampering, and Plaintiff alleges no impairment, compensable loss, or knowing access without permission.

- Whether Plaintiff's constitutional privacy claim fails because IP addresses, device metadata, location information, and tire-or-wheel browsing activity on a public website are not sensitive information and do not support a highly offensive intrusion.

- Whether Plaintiff's UCL claim fails because his economic-injury allegation is conclusory and his derivative unlawful-prong theory fails with his underlying statutory and privacy claims.

**INTRODUCTION**

This lawsuit is one of three nearly identical actions filed by Plaintiff Chris McPhee against tire companies and one of more than eighty materially similar cases filed by his counsel this year—all seeking to convert ordinary website functionality into a sweeping criminal wiretapping and privacy case. But repetition and volume cannot cure a deficient pleading. Although the Complaint sprawls across more than 160 paragraphs, it offers almost no concrete factual allegations about Plaintiff himself and instead repackages generalized descriptions of website tracking technology, statutory buzzwords, and legal conclusions. Stripped to its essentials, the Complaint alleges only that Plaintiff visited Big Brand Tire & Service's ("Big Brand") website, www.americantiredepot.com, "to browse available options thereon," and that the website captured and shared his IP address and basic browsing metadata.

The Complaint fails on the merits and should be dismissed in its entirety.

**California Invasion of Privacy Act ("CIPA") and Electronic Communications Privacy Act ("ECPA").** Plaintiff's wiretap theories fail at the threshold. He does not plausibly allege interception of the contents of any communication in transit, much less facts supporting aider-and-abettor liability. His Section 638.51 claim fares no better because the statute does not apply to ordinary internet-based technology used on a public website, and in any event Plaintiff necessarily consented to the collection of the IP address and basic device metadata on which that theory depends. Both claims fail for the additional and independently dispositive reason that Big Brand was a party to the communications at issue.

**California Computer Data Access and Fraud Act ("CDAFA").** Plaintiff's CDAFA claim is equally defective. The statute targets hacking, tampering, and unauthorized access—not routine operation of a public-facing commercial website. Plaintiff alleges neither compensable damage nor facts showing Big Brand knowingly accessed his computer or data without permission.

**California Constitutional Privacy Claim.** Plaintiff's constitutional privacy claim fails for the same reason similar website-tracking privacy claims routinely fail: he identifies no sensitive or confidential information, alleges no reasonable expectation of privacy in routine browsing activity on a public retail website, and pleads no intrusion remotely serious enough to qualify as highly offensive.

**Unfair Competition Law ("UCL").** Plaintiff's UCL claim adds nothing. He does not plausibly allege economic injury, a viable predicate unlawful practice.

## BACKGROUND

Big Brand owns and operates a publicly available website to sell new tires and wheels to consumers. Class Complaint, "Compl.," ¶ 53. Plaintiff claims he visited the website between April 2025 and October 2025 to browse available tire and/or wheel options. *Id*. ¶ 78. He alleges nothing more regarding his specific engagement with the website, including what pages he visited or whether he entered any sensitive personal, medical, or financial information on the site.

Plaintiff claims Big Brand caused certain trackers, including Facebook/Meta, Google, Hubspot, Crazy Egg, Adroll, Cloudflare, StackAdapt, Bidr.io, and Microsoft Windows to be installed on his "browsers" and "Defendants used the information collected by the Trackers and shared it with third parties to analyze Website data and marketing campaigns, conduct targeted advertising based on Plaintiff's locations and ultimately boost Defendant's and advertiser's revenue." *Id*. ¶¶ 2, 80.

Plaintiff seeks to represent a nationwide and California class of consumers who similarly browsed Big Brand's website looking for tires and/or wheels. *Id*. ¶ 90.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint pleads facts "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Conclusory allegations are not entitled to the presumption of truth, and a plaintiff "armed with nothing more than conclusions," "labels," or "[t]hreadbare recitals of the elements of a cause of action" fails to state a claim. *Id.* at 678-79. Claims also may be dismissed based on a dispositive issue of law. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).

**<u>ARGUMENT</u>**

**I.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST BIG BRAND.**

**A.     Plaintiff's CIPA and ECPA Claims Should Be Dismissed.**

Plaintiff pleads a single CIPA claim, but that claim rests on two distinct statutory theories: an alleged wiretap theory under Section 631(a) and an alleged pen-register theory under Section 638.51. He also asserts a separate ECPA wiretap claim. All three theories fail.

**1.     *Plaintiff does not plead a plausible section 631(a) interception of the "contents" of a communication "in transit" claim.***

Section 631(a) of the California Invasion of Privacy Act makes it unlawful to "willfully and without the consent of all parties to the communication, . . . read[], or attempt[] to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit," or use information so obtained. Cal. Penal Code § 631(a). "Contents" are "the substance, purport, or meaning of [the] communication"—that is, the intended message conveyed by the communication, not record information regarding message characteristics that is generated in the course of transmission. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) ("The 'contents' of a communication under CIPA and the federal Wiretap Act are the same.").

*Doe v. Eating Recovery Center LLC* is instructive. There, the court explained that Section 631(a) requires "something more than just [the] intercept[ion] [of a] communication while it is in transit." Rather, a third party must actually "read, attempt to read, or attempt to learn the contents of [the] communications . . . while those communications [are] in transit." 806 F. Supp. 3d 1109, 1118-19 (N.D. Cal. 2025). That rule follows from the ordinary meaning of "intercept," which is "to stop, seize, or interrupt in progress or course before arrival." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002); *see also Sisti v. Bosley Inc.*, No. 2:25-cv-10669-JFW-DFMx, 2026 WL 1223927, at *7 (C.D. Cal. Apr. 27, 2026) ("Plaintiff has failed to provide any support for the illogical notion that [the defendant] could have disclosed Plaintiff's information to third parties *while* that information was still in transit from Plaintiff *to [the defendant]*. . . .Plaintiff provides even less support for the notion that Meta or Facebook could have intercepted 'and read' the contents of his

5

communications while they were still in transit to [the defendant], as required for a claim under CIPA.").

Plaintiff's allegations fall well short of that standard. He does not specify which "contents" he entered that were allegedly captured. He instead claims that "trackers and cookies" from advertising and analytics vendors record device/browser attributes, page views, time on site, and similar behavioral signals. *E.g.*, Compl. ¶¶ 2, 46, 47. Those are paradigmatic metadata and operational signals arising from ordinary website functionality—not the type of "contents" revealing the substance, purport, or meaning of a communication that section 631(a) requires.

Even setting aside the absence of any alleged "contents," the Complaint still fails to plead facts showing that any third party acquired (*i.e.*, intercepted) information while a communication was in transit. He pleads no facts showing that information allegedly sent to Facebook/Meta, Google, or any other third party through tracking pixels was acquired during transmission. His reliance on quotations from and citations to the California Penal Code cannot supply these noticeably absent facts. *See Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1085 (C.D. Cal. 2023) ("Bare allegations of recording and creating transcripts do not specifically allege that Plaintiffs' messages were intercepted while in transit."). And Plaintiff's conclusory allegation that Defendant "transmits . . . data to the third-parties that developed and operate the Trackers in real time" does not cure that defect. *See, e.g.*, *Torres v. Prudential Fin., Inc.*, No. 22-CV-07465 (CRB), 2025 WL 1135088, at *5 (N.D. Cal. Apr. 17, 2025) ("Even if [third-party] software intercepts the contents of Plaintiffs' communications in real time and stores the recording on [a third party's] server that [third-party] employees can access, nothing in the record plausibly indicates that [the third party] reads or attempts to read the contents of the communication *while they are in transit*.") (emphasis in original); *Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255, at *10 (N.D. Cal. Dec. 1, 2022) (holding allegations that "Google collected 'real-time data' about [the plaintiffs'] use of third-party apps" insufficient to satisfy the "in transit" element).

Plaintiff's Section 631(a) theory fails outright. He alleges only metadata and other operational signals—not the contents of any communication intercepted while in transit.

**2.**        ***Plaintiff's Conclusory Aiding-and-Abetting Allegations Fail as a Matter of Law.***

To allege that Big Brand aided and abetted a wiretap, Plaintiff must allege facts showing Big Brand had (1) "knowledge of the conduct that will violate the statute" and (2) "a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942 (N.D. Cal. 2024). Plaintiff offers only a conclusory allegation, without any substantive facts, that Big Brand "aided and abetted" the providers of the analytics technologies in purportedly wiretapping Plaintiff simply by installing their software on its website. Compl. ¶ 50. Boilerplate accusations of "aiding and abetting," unsupported by facts showing knowledge or intent, are legally insufficient. *See Iqbal,* 556 U.S. at 678.

**3.**        ***Plaintiff's Section 638.51 Theory Fails Because the Alleged Technology Is Not a Pen Register and Plaintiff Consented in Any Event.***

Plaintiff's Section 638.51 theory fails for two independent reasons. First, software that allegedly captures IP address information and basic device metadata from website visitors is not a "pen register" within the meaning of the statute. Second, even if it were, Plaintiff necessarily consented to the collection of that information by voluntarily visiting Big Brand's website.

**a.**        **Collecting IP addresses and basic device metadata does not constitute a pen register.**

Plaintiff's pen register theory does not fit the statute. He claims software that captures IP address information and basic device metadata qualifies as a "pen register" under Section 638.51. But that theory cannot be squared with the statute's text or legislative history. California state courts have repeatedly held that a website visitor's IP address is not the kind of information Section 638.51 prohibits a recipient from collecting. *See, e.g.*, *Rodriguez v. Plivo Inc.*, No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Ct. Oct. 2, 2024) (dismissing with prejudice near-identical Section 638.51 claim). For more than a decade, courts construing the analogous federal Pen Register Act have likewise recognized that the statute cannot be read to forbid ordinary receipt of IP address information because "the Internet could not function" otherwise. *Capitol Recs. Inc. v. Thomas-Rasset*, No. 06-1497 (MJD/RLE), 2009 WL 1664468, at *3 (D. Minn. June 11, 2009) (discussing Pen Register Act, 18

7

U.S.C. § 3121); *see also Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1117 (S.D. Cal. 2023) (looking to analogous federal law when interpreting CIPA). The same federal decisions explain why: the pen-register prohibition cannot sensibly be read to prevent recipients of electronic communications from recording the IP information sent to them, because ordinary internet communications require that information to be conveyed and received. *Capitol Recs. Inc.*, 2009 WL 1664468, at *3; *accord In re Innovatio IP Ventures, LLC Patent Litig.*, 886 F. Supp. 2d 888, 895 (N.D. Ill. 2012). The California Legislature modeled Section 638.51 on that federal law. *See* Declaration of J. Simone Jones ("Jones Decl."), Ex. A, California Bill Analysis, A.B. 929 Assem. (Apr. 7, 2015).

With CIPA Section 638.51, the Legislature was not concerned with software or websites but "***telephone*** surveillance." Jones Decl., Ex. B, California Bill Analysis, A.B. 929 Assem. (Apr. 21, 2015) (emphasis added). The language of Section 638.51 derived from the definition of "'pen register' [a]s an electronic device which records all numbers called from (outgoing) a particular *telephone line.*" *See id.* Jones Decl., Ex. A, California Bill Analysis, A.B. 929 Assem. (Apr. 7, 2015) (quoting Los Angeles District Attorney's Office) (emphasis added). It says nothing about collection of non-telephone information, like IP addresses and basic device metadata. That understanding is reflected in statute's plain text: CIPA requires a court order authorizing the installation of a pen register to specify "[t]he number" and "physical location of the *telephone line* to which the pen register . . . is to be attached." Cal. Penal Code § 638.52(d)(3) (emphasis added); *see also id.* § 638.52(c) (providing that a "pen register . . . shall not" collect the physical location of the subscriber "except to the extent that the location may be determined from the *telephone number*" (emphasis added)). CIPA thus reflects that a "pen register" is a device "attached" to a "telephone line" with a "physical location." Cal. Penal Code § 638.52(d)(3).

Plaintiff's attempt to apply Section 638.51 to software that collects website visitors' IP addresses and basic device metadata cannot be squared with Section 638.51's legislative history and plain text. Plaintiff alleges that the software at issue is installed on a website—not a "telephone line." The allegations fall well outside the scope of Section 638.51's prohibition. California state courts have repeatedly agreed, dismissing identical claims and holding that Section 638.51 applies only to telephones, and not to internet communications. *See Balabbo v. Wildflower Brands, LLC*, No.

8

25STCV20971, 2026 WL 1122773, at *9-10 (Cal. Super. Ct. Apr. 6, 2026); *Rodriguez v. Ink Am. Int'l Grp. LLC*, No. 25STCV15350, 2025 WL 4034985, at *2 (Cal. Super. Ct. Dec. 10, 2025); *Aviles v. Liveramp, Inc.*, No. 24STCV19869, 2025 WL 487196, at *2 (Cal. Super. Ct. Jan. 28, 2025); *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Ct. Jan. 27, 2025); *Casillas v. Transitions Optical, Inc.*, No. 23STCV30742, 2024 WL 4873370, at *4-5 (Cal. Super. Ct. Sept. 9, 2024); *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *3 (Cal. Super. Ct. Mar. 13, 2024); *see also* Jones Decl., Ex. C, *Heiting v. Wildflower Brands, LLC*, No. 25 STCV18507 (Cal. Super. Ct. Apr. 16, 2026).

Applying the *Erie* principles, which "require[] that the federal court grant or withhold relief as the state courts would," that should end the inquiry. *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1316 (9th Cir. 1982). To the extent the Court finds any ambiguity in the language of the pen register statute, the rule of lenity directs that the question should be resolved in Big Brand's favor. *See Doe*, 806 F. Supp. 3d at 1118 (discussing rule of lenity and applying principle to grant summary judgment in defendant's favor in CIPA matter); *People v. Johnson*, 150 Cal. App. 4th 1467, 1481 (2007) ("Where [a] statute is susceptible of two reasonable constructions, a defendant is ordinarily entitled to that construction most favorable to him."). Plaintiff's Section 638.51 claim fails as a matter of law and should be dismissed with prejudice because the statute does not reach the technology at issue.

### b.    Plaintiff consented to the recording of his IP address and basic device metadata.

If Section 638.51 somehow applied, Plaintiff consented to the collection of his IP address and basic device metadata when he voluntarily navigated to and purportedly browsed Big Brand's website. Consent may be inferred under CIPA in circumstances where "a reasonably prudent user would have been aware" that the data at issue was being recorded. *Silver v. Stripe Inc.*, No. 4:20- CV-08196-YGR, 2021 WL 3191752, at *4 (N.D. Cal. Jul. 28, 2021) (granting motion to dismiss in CIPA case on issue of consent); *Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587, 594 (C.D. Cal.2013) (individual who "actually expected the [communication] to be recorded" can be deemed to "have implicitly consented to the recording by the very act of" initiating the communication).

Such is the case here. Plaintiff necessarily consented to the collection of his IP address and basic device metadata. As courts have explained, any reasonable website visitor understands in advance that his IP address "information [would be] provided" as part of any website interaction. *Heeger*, 509 F. Supp. 3d at 1190 (quoting *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008)). Indeed, the visitor *must* "voluntarily turn[] over" his IP address "in order to direct" the routing used to access the website, making it "inevitable that [a website] learns a [visitor]'s IP address" when they navigate to it. *Id.* at 1189-90. For this reason, courts have long held that there is no reasonable expectation of privacy in IP addresses or basic device metadata. *Id.* at 1190; *Forrester*, 512 F.3d at 510; *In re USA Today*, *Inc.* No. 24-cv-5150-MC, 2026 WL 932655, at *2 (N.D. Cal. Apr. 6, 2026); *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025).

Because Plaintiff "consensually engaged in [an internet] transaction" and "communicated his IP address [and basic device metadata] as part of" that transaction, the laws prohibiting pen registers "cannot prevent [the recipient] from recording that information." *Malibu Media, LLC v. Pontello*, No. 13-12197, 2013 WL 12180709, at *4 (E.D. Mich. Nov. 19, 2013).

### 4. *Because Big Brand Was a Party to the Communications at Issue, Plaintiff's CIPA and ECPA Claims Must Fail.*

The ECPA and CIPA contain an "exemption from liability for a person who is a 'party' to the communication." *Sisti*, 2026 WL 1223927, at *7. Here, Plaintiff's ECPA claim and in part his CIPA wiretapping claim is explicitly premised on **Big Brand**—the website operator—being the entity that "intercepted" the communications at issue. *See e.g.*, Compl. at 4 ("Defendants Illegally Intercept the Contents of Electronic and Wire Communications and Illegally Captures Identifying Information"), ¶ 61 ("Because Defendant's interception and disclosure of the communications also violates CIPA . . . ."). Because the party-exception rule precludes liability based on alleged "interception" of communications by a party to those communications, Plaintiffs' CIPA and ECPA claims must be dismissed. *See, e.g.*, *Sisti*, 2026 WL 1223927, at *7 (dismissing ECPA and CIPA claims where the defendant was "undisputably" a party to the communications); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1120-21 (S.D. Cal. 2023) (dismissing ECPA and CIPA claims because the defendant was the intended recipient of the communications sent by plaintiff to defendant's website).

10

**B.**     **Plaintiff's CDAFA Claim Fails Because the Statute Targets Computer Tampering and Unauthorized Access—not Ordinary Interaction with a Public Website.**

The CDAFA was enacted to combat computer tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems—not to criminalize ordinary website interactions. Cal. Penal Code § 502(a). Consistent with that purpose, California courts have explained that Section 502 is aimed at conduct akin to "hacking" or breaking into a computer. Plaintiff's theory falls outside that core purpose.

**1.**     ***Plaintiff Does Not Allege Compensable Damage or Loss.***

Under CDAFA, only a person who has "suffer[ed] damage or loss by reason of a violation" may obtain relief. Cal. Penal Code § 502(e)(1); *see also Shah v. Capital One Fin. Corp.*, 768 F. Supp. 3d 1033, 1047 (N.D. Cal. 2025). The statute authorizes a civil action for "compensatory damages and injunctive relief or other equitable relief" and defines compensatory damages to include reasonable and necessary costs incurred to determine whether a computer system or data was altered, damaged, or deleted because unauthorized access. Cal. Penal Code § 502(e)(1); *see also Doe v. Tenet Healthcare Corp.*, 789 F.Supp.3d 814, 845 (dismissing CDAFA claim where the plaintiffs "failed to plead any measurable decrease in storage, memory, or any other impairment to their computing devices' functioning"); *Cottle v. Plaid Inc.*, 536 F.Supp.3d 461, 487 (N.D. Cal. 2021) (dismissing CDAFA claim where the plaintiffs failed to plead facts supporting "actual damage or loss" to the plaintiffs resulting from the defendant's CDAFA violations); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 846-47 (N.D. Cal. 2024) ("[T]he plaintiffs make only a conclusory allegation that they expended time and resources to investigate [the defendant's] conduct. And . . . there is no allegation that the investigation was undertaken to verify that their 'data was or was not altered, damaged, or deleted.'"); *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023) ("[T]he Court . . . finds that the CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website.")

Plaintiff does not allege compensable damage or loss. *Heiting*, 709 F. Supp. 3d at 1021 is the closest fit here. There, the court dismissed a CDAFA claim brought by a plaintiff who had visited and used a chat function on the defendant's website because she did not allege that the defendant implanted

11

anything on her computer or otherwise impaired her device, data, or network. *Id.* Plaintiff alleges no more here. He claims only that he visited Big Brand's website and that trackers captured browsing activity and identifiers. He alleges no measurable impairment to his device, browser, or data, and no investigation costs incurred to determine whether anything was altered, damaged, or deleted. *See also Doe*, 789 F. Supp. 3d at 845; *Doe I*, 741 F. Supp. 3d at 846-47; *Cottle*, 536 F. Supp. 3d at 487-88.

Plaintiff cannot cure the absence of any cognizable loss with the boilerplate assertion that he and the class "have suffered damages." *See, e.g., Smith v. Rack Room Shoes, Inc*., No. 24-cv-06709-RFL, 2025 WL 1085169, at *6 (N.D. Cal. Apr. 4, 2025); *Doe v. County of Santa Clara*, No. 23-cv-04411-WHO, 2024 WL 3346257, at *9-10 (N.D. Cal. July 8, 2024). Nor can he manufacture loss by alleging, in generalized terms, that Big Brand profited from or was unjustly enriched by access to browsing data. *See, e.g., Dellasala v. Samba TV, Inc*., No. 3:25-cv-03470-JSC, 2026 WL 1138358, at *8 (N.D. Cal. Apr. 21, 2026); *Roe v. Amgen*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482, at *7 (C.D. Cal. June 5, 2024).

Plaintiff thus fails to plead the threshold damage or loss required to state a CDAFA claim.

### 2.    *Plaintiff Does Not Allege Knowing Action Without Permission.*

Plaintiff likewise fails to plead the separate requirement of knowing access without permission. As *Tsering v. Meta Platforms, Inc*. explains, "knowingly" imports awareness of the facts that make the act unlawful, including the absence of permission. No. 25-cv-01611-RFL, 2026 WL 89320, at 4 (N.D. Cal. Jan. 12, 2026) (*quoting People v. Hawkins*, 98 Cal. App. 4th 1428, 1438 (2002)). That requirement is fatal here because CDAFA targets unauthorized intrusion into another's computer or data—not routine conduct occurring on a defendant's own website or web network. *See Heiting*, 709 F. Supp. 3d at 1021. Plaintiff alleges only that Big Brand used trackers on its own website to collect browsing activity and identifiers. He does not allege that Big Brand implanted anything on his device, broke into his browser, bypassed any technical barrier, or otherwise accessed his computer or data without permission. Count III therefore fails and should be dismissed.

12

### C.    Plaintiff's Generic Identifying Information Does Not Provide a Sufficient Basis to Establish an Expectation of Privacy and so his Invasion of Privacy Claims Fails.

To state a claim for invasion of privacy under the California Constitution, Plaintiff must allege a legally protected privacy interest, a reasonable expectation of privacy, and an intrusion "so serious as to constitute an egregious breach of the social norms" that is "highly offensive." *Meggette v. Cal. Dept. of Social Servs.*, No. 25-cv-04722-DMR, 2025 WL 2684402, at *5 (N.D. Cal. July 23, 2025); *Heeger v. Facebook*, 509 F.Supp.3d 1182, 1193 (N.D. Cal. 2020). Legally protected privacy interests include interests in preventing the dissemination or misuse of sensitive, confidential information. *Borrello v. Respironics Cal., LLC*, No. 23-cv-580-GPC-VET, 2024 WL 1496215 (S.D. Cal. Apr. 5, 2024). This is a "high bar." *Low v. LinkedIn Corp.*, 900 F.Supp.3d 1010, 1025 (N.D. Cal. 2012).

Plaintiff does not meet that standard. His allegations concern only generic, non-remarkable identifying information, including his IP address and browsing history related to "available options" on Big Brand's website, Compl. ¶ 78—not specific, sensitive information. Even under an expansive view of personally identifiable information, the alleged data collection does not support a reasonable expectation of privacy. *See Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) (plaintiff identified "no embarrassing, invasive, or otherwise private information collected"). Nor does viewing history alone qualify as personally identifiable information; *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 984 (9th Cir. 2017); *accord Sisti*, 2026 WL 1223927, at *8, *31 (C.D. Cal. Apr. 27, 2026) (finding no reasonable expectation of privacy where the alleged disclosure was limited to the fact that plaintiff completed an online scheduler form and did not reveal sensitive medical, financial, or similarly private information). Courts have reached the same conclusion with respect to comparable location data. *See, e.g.*, *In re iPhone Application Litig.*, 844 F.Supp.2d 1040, 1063 (N.D. Cal. 2012).

The alleged information here is also less sensitive than the information at issue even in cases finding no highly offensive intrusion. Here, Plaintiff alleges only generic identifiers and routine browsing activity on a public tire-and-wheel retail website, such as an IP address, location information, and the products he viewed. By contrast, the plaintiffs in the cited cases alleged disclosure of more revealing personal information, including detailed search and browsing histories, purchase-related information, and other data that more directly reflected private consumer behavior. *See, e.g.*, *Hammerling*, 2022 WL 17365255, at *9 (search and browsing history tied to account activity); *In re*

13

*Google, Inc. Privacy Pol'y Litig.*, 58 F.Supp.3d 968, 988 (N.D. Cal. 2014) (aggregated browsing and service-use data reflecting personal interests and habits); *Ruiz v. Gap, Inc.*, 540 F.Supp.2d 1121, 1127-28 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (purchase-related information and marketing use of personal identifiers); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011) (name and address used for targeted direct-mail marketing). Plaintiff therefore has not alleged the kind of serious intrusion required to state a constitutional privacy claim. *See, e.g.*, *Rodriguez v. Brushfire Records*, No. 2:25-cv-0977-CAS-PDx, 2025 WL 3692144, at *7 (C.D. Cal. Dec. 15, 2025).

Additionally, Plaintiff does not plausibly allege a highly offensive intrusion. *See Popa*, 153 F.4th at 791. He alleges only that disclosure of his browsing activity to third parties created an intrusion. Compl. ¶ 151. Plaintiff does not plausibly allege the infringement of any protected privacy interest. *Id.* Nor does he allege harm rising to the level of a highly offensive intrusion. *See Rodriguez*, 2025 WL 3692144, at *7.

Plaintiff's claim also fails to the extent he seeks monetary damages because the California constitutional right to privacy supports injunctive relief, not damages. *Moore v. Rodriguez*, No. 20-cv-01481-BAS-BGS, 2021 WL 2222590, at *20 (S.D. Cal. June 2, 2021); *see also Meyer v. County of San Diego*, No. 21-cv-341-RSH-BLM, 2025 WL 449747, at *25 (S.D. Cal. Feb. 10, 2025).

Count IV should be dismissed.

**D.      Plaintiff's UCL Claim Fails Because He Does Not Allege Economic Injury, a Viable Predicate Unlawful Practice, or a Sufficiently Pleaded Fraud Theory.**

Plaintiff may bring a claim under the UCL only if he "has suffered injury in fact and has lost money or property as a result of the unfair competition." *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1089 (N.D. Cal. 2023) (citation omitted). Thus, he must "demonstrate some form of economic injury," such as paying more or receiving less in a transaction, suffering a diminished property interest, being deprived of money or property, or entering an otherwise unnecessary transaction that cost money or property. *Id.* (citation omitted).

14

        **1.**        ***Plaintiff Fails to Allege the Economic Injury Required for UCL Standing.***

Plaintiff does not plausibly allege injury in fact or loss of money or property. His conclusory assertion that he lost "money or property" through the alleged loss of privacy in his personal information is not enough. *See R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876 (C.D. Cal. 2024) ("That the information has external value, but no economic value to plaintiff, cannot serve to establish that plaintiff has personally lost money or property."); *Cottle*, 536 F. Supp. 3d at 284-85. Nor does any allegation that Big Brand profited from, or monetized, browsing data establish that Plaintiff himself lost money or property.

        **2.**        ***Plaintiff's Unlawful-Prong Theory Fails Because His Predicate Statutory Claims Fail.***

Plaintiff's UCL claim is also derivative of his alleged CIPA, ECPA, and CDAFA violations. Under the unlawful prong, the UCL "borrows" violations of other laws and makes them independently actionable. *Aleksick v. 7-Eleven, Inc.*, 205 Cal.App.4th 1176, 1185 (2012). But when the predicate claim fails, the derivative UCL claim fails with it. *Id.* Because Plaintiff's CIPA, ECPA, and CDAFA claims fail, his unlawful-prong theory fails as well.

## CONCLUSION

For the reasons set forth above, the Court should dismiss all of Plaintiff's claims against Big Brand.

15

Dated: June 18, 2026

Respectfully submitted,

*/s/    J. Simone Jones*

Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON, L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

J. Simone Jones (*admitted pro hac vice*)
sjones@shb.com
SHOOK, HARDY & BACON, L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606

Attorneys for Defendant
BIG BRAND TIRE & SERVICE

16

## PROOF OF SERVICE

The undersigned declares: I am over the age of 18 years and not a party to the within action. I am employed in the office of a member of the bar of this Court at whose direction this service is made. My business address is 111 South Wacker Drive, Suite 4700, Chicago, Illinois 60606. My email address is dbrehmer@shb.com.

On the date shown below, I served the following documents:

- **DEFENDANT BIG BRAND TIRE & SERVICE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties named herein and in the manner indicated below:

> Mark D. Potter
> James M. Treglio
> Isabel Rose Masanque
> Naomi Butler
> **POTTER HANDY LLP**
> 100 Pine Street, Suite 1250
> San Francisco, CA 94111
> Telephone:  (415) 534-1944
> *Counsel for Plaintiffs*

X    (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 18, 2026.

*Deana Brehmer*
_____
Deana Brehmer